United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 03-60968
Summary Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DON EUGENE GIBSON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CR-93-BS-ALL
---------------------

Before EMILIO M. GARZA, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Don Eugene Gibson appeals his conviction and sentence for sexual abuse of a minor on the basis that his confession should have been suppressed. He argues that his confession was involuntary because (1) it was elicited after he invoked his right to counsel and (2) it was the result of coercion.

Gibson contends that he was not provided with an attorney despite three requests during an interrogation conducted after a polygraph examination. The district court found that Gibson's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statements, "Do I need an attorney?" and "Well, this sounds serious. Maybe I need to talk to an attorney" did not constitute unequivocal requests for counsel, thus the agent was not required to cease his interrogation. This finding was not error. <u>Davis v. United States</u>, 512 U.S. 452, 459 (1994); <u>Soffar v. Cockrell</u>, 300 F.3d 588, 591-95 (5th Cir. 2002)(en banc); <u>United States v. Posada-Rios</u>, 158 F.3d 832, 867 (5th Cir. 1998).

Gibson concedes that he was informed of his <u>Miranda</u>[**] rights prior to taking the polygraph examination as well as his rights not to take the polygraph examination, not to answer any questions, not to answer specific questions, to have a lawyer present during the examination, and to stop the examination at any time. He complains that Agent Spiers did not again inform him of his rights before beginning the post-test interrogation. This argument is without merit. Agent Spiers was not required to again warn Gibson of his rights after having done so that same day only an hour or so earlier. <u>See</u> <u>Wyrick v. Fields</u>, 459 U.S. 42, 47-48, 49 (1982); <u>see</u> <u>also</u>, <u>Soffar</u>, 300 F.3d at 593.

Gibson complains that his confession was coerced due to the use of a small room; the length of time he was in the room; Agent Spiers' failure to inform him that he could leave the room to take a break, use the bathroom, or eat lunch; Agent Spiers' informing him that he had failed the test; and Agent Spiers' promise to make a favorable recommendation if he resolved the

---

[**] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

matter that day.  The tactics used by Agent Spiers were similar to those used in <u>United States v. Bell</u>, 367 F.3d 452 (5th Cir. 2004).  Under the reasoning of that case, such tactics, standing alone, do not amount to coercion sufficient to render Gibson's confession involuntary.  <u>See</u> <u>Bell</u>, 367 F.3d 461-62.

The district court did not err in denying Gibson's motion to suppress his confession.

AFFIRMED.